IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**MICHAEL DANIEL BOWMAN,**

        Plaintiff,

v.                                                  Civil Action No. 5:24-CV-229
                                                                    Judge Bailey

**WEXFORD HEALTH SOURCES/SERVICES,
NURSE PRACTITIONER LACEY MORGAN,
JAMES GRAY, NORTHERN REGIONAL
JAIL,** and **WVA DIVISION OF CORRECTIONS
AND REHABILITATION,**

        Defendants.

## REPORT AND RECOMMENDATION

### I. Background

On December 13, 2024, the plaintiff, a state prisoner housed at Northern Regional Jail in Moundsville, West Virginia, filed a Complaint pursuant to 42 U.S.C. § 1983. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned recommends that the Complaint be dismissed.

### II. The Complaint

On December 13, 2024, plaintiff filed this Complaint raising a claim pursuant to 42 U.S.C. § 1983. On December 20, 2024, plaintiff filed a Motion for an Emergency Injunction. [Doc. 7]. This Court entered an Order directing defendants to respond to the

Motion. On January 27, 2025, Judge Bailey entered an Order denying the preliminary injunction. In that Order, the Court summarized the plaintiff's Complaint:

> In his underlying Complaint, plaintiff raises a single claim that defendants are denying plaintiff medical treatment; he alleges he entered Northern Regional Jail in November of 2021 while suffering from Opioid Use Disorder. [Doc. 1 at 11]. He alleges that despite being diagnosed with moderate/severe opioid use disorder on December 27, 2022, defendants have refused to provide him treatment. [Id.]. He alleges that defendant Nurse Lacey interviewed him for Medication-Assisted Treatment ("MAT") but denied him such treatment. [Id.]. He further states that although he tested positive on a drug screen for Buprenorphine/Suboxone, he had self-reported his use because he had been attempting to treat his disorder with contraband Suboxone. [Id. at 12]. He states that Nurse Lacey "said she wasn't who requested the drug screen so she doesn't care. That she will STILL provide no treatment for petitioner's disease." [Id.]. Petitioner alleges that the denial of his treatment may be due to discrimination. [Id. at 13].
>   Plaintiff contends that prison staff have been aware of his addiction from the first day he entered the facility. [Id. at 15]. He states that he also had a very brief interview on September 17, 2024, and that Nurse Lacey told plaintiff she would pass his information along to an outside Suboxone doctor and that plaintiff would receive treatment, but that this "was a lie just to pacify me and get me out of medical." [Id. at 16]. Then, on November 15, 2024, he explained his problem to Nurse Erica and was given a urinalysis which tested positive for Buprenorphine/Suboxone, leading plaintiff to believe he would finally receive treatment; however, he alleges that Nurse Lacey refused to order treatment out of discrimination against plaintiff because he is in prison for a sex offense. [Id.].
>   For relief, plaintiff seeks to be treated in the MAT program and for monetary compensation of $100,000 from each defendant.

[Doc. 27 at 2–3].

### III. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon

2

which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. **Neitzke v. Williams**, 490 U.S. 319, 325 (1989). However, the court must read *pro se* allegations in a liberal fashion. **Haines v. Kerner**, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See **Neitzke** at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." **Denton v. Hernandez**, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See **Estelle v. Gamble**, 429 U.S. 97, 106 (1976).

## IV. Discussion

Based on a preliminary review of the Complaint, the undersigned finds that the Complaint should be dismissed. First, an initial review shows that the claims made against defendants Northern Regional Jail and the West Virginia Division of Corrections and Rehabilitation should be dismissed because they are not proper defendants in a § 1983 claim. 42 U.S.C. § 1983 creates a cause of action against any "*person* who" acts under color of law. (emphasis added). Actions authorized under § 1983 are intended to "deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." **Wyatt v. Cole**, 504 U.S. 158, 161 (1992). Critically, complaints in § 1983 actions must allege that some person has deprived him of a federal right. **Gomez v. Toledo**, 446 U.S. 635, 640 (1980). The Eleventh Amendment bars such

---

[1] *Id.* at 327.

suits against the State, and § 1983 does not provide an exception.  "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity[.]"  ***Will v. Michigan Dep't of State Police***, 491 U.S. 58, 66 (1989) (citing ***Quern v. Jordan***, 440 U.S. 332 (1979)).  "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."  ***Will***, 491 U.S. at 71.  Plaintiff's claims against Northern Regional Jail and the West Virginia Division of Corrections and Rehabilitation fail to name a valid defendant for purposes of § 1983 and must be dismissed.

Second, the undersigned finds that this Court's previous findings in ruling on the preliminary injunction motion necessitate dismissal.  Plaintiff's sole claim is an Eighth Amendment claim that defendants are acting in deliberate indifference to his need for medical treatment for his Opioid Use Disorder ("OUD").  This Court's January 27, 2025 Order already determined that plaintiff's records showed only a disagreement between plaintiff and defendants about his proper medical care and not a showing of deliberate indifference:

> The medical records submitted by plaintiff show that staff at the facility interviewed plaintiff to evaluate him for the MAT program on July 1, 2024, and determined he did not qualify.  [Doc. 7-1 at 1].  Similarly, the medical records submitted by defendants show that on June 25, 2024, Nurse Lacey was going to inquire about MAT medications for plaintiff.  [Doc. 20-2 at 4].  Thus, it appears defendants evaluated plaintiff's condition and determined admission to the MAT program was not warranted.  This type of disagreement between and inmate and medical providers about the proper course of medication is generally not enough to establish deliberate indifference.  ***Jackson v. Lightsey***, 775 F.3d 170, 178 (4th Cir. 2014) (deliberate indifference claim based on a diagnosis of arrhythmia rather than a more serious condition and the resulting modification of prescriptions was essentially "a '[d]isagreement[ ] between an inmate and a physician over the inmate's proper medical care,' and we consistently have found such disagreements to fall short of showing deliberate indifference.").

[Doc. 27 at 7–8]. Similarly to the findings in that Order, the undersigned is cognizant of plaintiff's concern that defendants apparently offered plaintiff Naltrexone in response to the filing of this lawsuit; however, the Court already found that "Nonetheless, even without the offer of Naltrexone, the medical records appear to show that the defendants made a medical decision not to place plaintiff in the MAT program. . .." [Id. at 8–9]. As such, the undersigned finds that this Court's prior findings preclude a finding of deliberate indifference to plaintiff's medical needs, and the Complaint should be dismissed for failure to state a claim.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the Complaint [**Doc. 1**] be **DISMISSED with prejudice**.

The plaintiff shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas*

*v. Arn*, 474 U.S. 140 (1985); ***Wright v. Collins***, 766 F.2d 841 (4th Cir. 1985); ***United States v. Schronce***, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** February 11, 2025.

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE